### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Orkenya Yates-Haynes, | ) | |
| | ) | |
| | ) | Civil Action No.: 5:19-cv-01563-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on June 30, 2020. (ECF No. 23.) The Report addresses Plaintiff Orkenya Yates-Haynes' ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 27.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-10.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB and SSI. (ECF No. 12-2 at 28.) Although the ALJ found Plaintiff had the severe impairments of peripheral vascular (arterial) disease, degenerative and discogenic disc disease of the back, obesity, intervertebral disc disorder with radiculopathy,

1

bilateral ankle edema, and degenerative changes to the foot (*Id.* at 20), the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional limitations. (*Id.* at 21).

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on May 30, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 23 at 27.) Specifically, the Magistrate Judge found the ALJ properly formulated the RFC by adequately weighing medical evidence and determining Plaintiff did not require a cane to walk. (*Id.* at 17-18.) Relatedly, the Magistrate Judge found no error with the limitation that, in a workday, Plaintiff could stand and walk for two hours and sit for six hours without otherwise needing to elevate her legs or change positions. (*Id.* at 18-20.) The Magistrate Judge also noted that the ALJ sufficiently examined the impact of Plaintiff's obesity on her impairments. (*Id.* at 20-22.) Next, the Magistrate Judge concluded substantial evidence supported the ALJ's decision to discount Plaintiff's subjective complaints due to inconsistencies with the medical record, as "the evidence of record does not support the extreme limitations she alleges." (*Id.* at 25-27 (quoting ECF No. 12-2 at 25).)

On June 30, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 23-1.) Plaintiff thereafter offered timely objections to the Report,

including allegations that the ALJ improperly formulated the RFC and erroneously discounted her subjective statements. (ECF No. 24 at 1-11.) In response, the Commissioner points out that Plaintiff's objections simply disagree with the outcome of the case without identifying any "reason to depart from the Magistrate Judge's well-reasoned [Report]." (ECF No. 25 at 2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and

whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff brings three primary objections to the Report: (1) when formulating the RFC, "the ALJ failed to properly consider cane use, her need to change positions[,] and her need to elevate her legs"; (2) the ALJ incorrectly considered how her obesity impacted her impairments; and (3) the ALJ erroneously discounted her subjective complaints. (ECF No. 24 at 1-11.) Plaintiff in turn alleges the Magistrate Judge failed to correct these errors. (*Id.*) The Commissioner counters that substantial evidence supported the ALJ's decision, and Plaintiff "offers no valid reason to disturb the Magistrate Judge's [Report]." (ECF No. 25 at 1-8.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich*

*v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes Plaintiff's objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 23 at 10-27.) Moreover, Plaintiff's objections substantively mirror the arguments raised in prior briefing, including contentions that the ALJ: (1) improperly formulated the RFC by excluding her need to use a cane, elevate her legs, and change positions more frequently throughout the workday (*compare* ECF No. 14 at 17-20, *with* ECF No. 24 at 1-8); (2) failed to consider how her obesity impacted her impairments (*compare* ECF No. 14 at 17-20, *with* ECF No. 24 at 5-8); and (3) erroneously discounted her subjective complaints (*compare* ECF No. 14 at 22-25, *with* ECF No. 24 at 8-11). A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 22, 2020
Columbia, South Carolina